## SENTER *vs.* CARR.

In an action on the case for slander, in accusing the plaintiff of unchasteness, where a witness deposes that the plaintiff's character for chastity is bad, it is not necessary that the witness should first have been asked whether he knows the plaintiff's general character for chastity.

It is competent for the jury to weigh and consider the testimony of a witness, and give it the weight to which it is entitled, although he may be proved to have sworn falsely in some part of his evidence.

CASE, for slanderous words.

The plaintiff introduced Samuel Kimball as a witness, who testified that the defendant spoke the words in a conversation with the witness. Upon cross examination he testified in substance that he did not remember any language used by himself in the conversation, or any other words spoken by the defendant.

In mitigation of damages, the defendant introduced testimony tending to show that if the words were spoken, they were uttered under circumstances of great excitement, and in reply to highly irritating language, addressed to the defendant by the said Kimball.

The court instructed the jury, that if they were satisfied that the said Kimball had deliberately and wilfully testified falsely in relation to the conversation, by testifying that he did not know or remember what he did actually know and remember of said

conversation, he was entitled to no credit at their hands, unless sustained by other evidence.

In the evening, after the court had adjourned for the day, the foreman of the jury sent to the court the following question in writing:

" Did the court instruct us to throw out the testimony of Samuel Kimball, on condition we came to the conclusion he withheld some part of the conversation, which he did recollect, between him and Miss Carr, at the time of their quarrel; or were we instructed to give that weight to his testimony which we thought it entitled to ?"

To which the court replied in writing: " If the jury believe that Samuel Kimball knowingly testified falsely, which he might do by saying he did not know or remember what he did actually remember, his testimony would be entitled to no credit, unless it was sustained by other evidence."

The question and answer were returned with the verdict to the court.

The defendant offered the deposition of Hannah Kershaw and others, which were objected to, but admitted. They testified that the plaintiff's character for chastity was bad. Want of chastity was the imputation conveyed by the words charged.

The plaintiff objected to the admission of said depositions, because the deponents were not first enquired of if they knew the plaintiff's general character for chastity. The plaintiff's counsel attended the caption, and it does not appear that any such objection was then taken.

A verdict was returned for the defendant, on which judgment is to be rendered, or it is to be set aside and a new trial granted, as the opinion of the court may be upon the foregoing case.

*Christie,* for the plaintiff. As to the charge, the court erred in taking from the jury their prerogative; and as to the evidence, the question should have been put whether the witness knew the general character of the plaintiff for chastity. *Greenl. on Ev.* § 461.

Senter *v.* Carr.

*Bell*, for the defendant. The judge merely said that the testimony was entitled to no weight, if the jury should weigh it. 1 *Stark. Ev.* 520. The jury cannot disbelieve one part of the evidence of a witness, unsupported, and believe another part equally unsupported. 2 *Saund. Pl. & Ev.* 493 ; 1 *Ph. on Ev.* 213, 231. As to the admissibility of the evidence, see 1 *St. on Ev.* 156 ; 2 *St. on Ev.* 215 ; 1 *Ph. on Ev.* 212 ; 9 *N. H. Rep.* 486, *State* vs. *Howard.* No particular form of words is necessary, and no inquiry was proper as to the general character of the plaintiff.

*Porter*, on the same side.

GILCHRIST, J. In this case the jury ask whether they are to reject the testimony of Kimball, if they think he withheld some part of what he knew was true, or whether they are to consider his testimony, and give it the weight to which they think it entitled ? The answer of the court is, that if they believe he testified falsely, by keeping back a part of what he knew, he is entitled to no credit. The instruction is, in substance, that in the latter alternative the testimony of Kimball should not be weighed or considered by the jury.

It does not follow that because he has sworn falsely in some respects, therefore his testimony should be rejected altogether. The jury may still believe him, where he is uncontradicted by other witnesses. He may stand before them, it is true, in no favorable position, and his testimony should be carefully scrutinized. Still, it may carry with it intrinsic evidence of its truth, and may be believed on account of its consistency with other facts. He may have had a strong motive to suppress the truth in some particulars, and may have been free from bias in other respects. The great object of evidence is to discover the truth. The application of the stringent and inflexible rule, that because he has sworn falsely in one particular, he must be considered as having sworn falsely in every particular, implies that, as a matter of law, the jury are bound to disregard his evidence ; that they cannot weigh the probabilities of its truth, and that his tes-

Senter *v.* Carr.

timony cannot in any case throw any light upon a transaction. Although, from the character of the evidence as to which he is uncontradicted; from the influence which the attendant circumstances may have had upon him, it may be highly probable that he has told the truth, yet this probability cannot be weighed, nor can any of the circumstances be considered which tend to support him. His testimony throughout must be rejected, because a part of it is false. Now, we think that the entire rejection of the evidence of such a witness would in many cases close up an important avenue to the truth, and our opinion is that the instruction of the court in this particular was incorrect.

Another objection made by the plaintiff is, that a witness who testified to the plaintiff's want of good character as to chastity, was not first asked whether she knew the plaintiff's general character for chastity. This objection was not taken at the caption of the deposition. The party was present, and might have satisfied herself whether the deponent did or did not know the plaintiff's character for chastity. In fact, the answer implies that the witness did know it. If so, there was no object in making the inquiry. If the substance of the information has been obtained, it is of no consequence that the inquiry has not been formally made. But we know of no authority nor practice that such a question must precede the inquiry as to the character. Where it is proposed to contradict a witness by showing that he has previously given a different account of the transaction he has related, the authorities seem to require that he must first be asked whether he has ever given a different statement. Such an inquiry, however, proceeds on a different principle, which is that the witness may have an opportunity of explaining any discrepancies in his previous statements. This objection we think should be overruled; but on account of the error in the instruction of the court, there must be a new trial.

*Verdict set aside.*